Elizabeth MACKLER, by her mother
and next friend, Laura MACKLER,
Petitioner,

v.

SECRETARY OF the DEPARTMENT
OF HEALTH AND HUMAN
SERVICES, Respondent.

No. 90–425V.

United States Claims Court.

March 30, 1992.

Michael R. Hugo, Boston, Mass., for petitioner.

Carol B. Essrick, Washington, D.C., with whom were Charles R. Gross, Asst. Director, Torts Branch, John Lodge Euler, Deputy Director, Helene M. Goldberg, Director, and Stuart M. Gerson, Asst. Atty. Gen., for respondent.

OPINION

ROBINSON, Judge:

This matter is before the court on petitioner's November 1, 1991 Motion for Review of Special Master LaVon French's October 3, 1991 decision awarding compensation to petitioner (Mrs. Laura Mackler)[1] under the National Childhood Vaccine Injury Act of 1986 (the Vaccine Act).[2] In her decision, the special master awarded petitioner a lump sum payment and an annuity calculated to provide benefits for the remainder of Elizabeth's life. Petitioner agrees that she is entitled to the compensation provided, but objects to the special master's conclusion that the Vaccine Act

1. Mrs. Mackler filed her petition on behalf of her minor daughter, Elizabeth Mackler (Elizabeth).

2. 42 U.S.C. § 300aa–1 *et seq.* (West Supp.1991).

precludes payment for private schooling. Accordingly, petitioner requests that the court find that the special master's interpretation of 42 U.S.C. § 300aa–15(g) was an error of law and remand the case for further proceedings. For the reasons which follow, the petitioner's Motion for Review is denied, and the decision of the special master is affirmed.

### Procedural History

Petitioner filed her petition before the special master on May 17, 1990. On October 12, 1990, respondent filed a report denying that petitioner is entitled to compensation. Evidentiary hearings were held on May 21, and May 28, 1991. On May 28, 1991, the court issued a bench ruling on the issue of entitlement in favor of petitioner. After an evidentiary hearing on the issue of damages, held on September 6, 1991, the special master rendered her decision on October 3, 1991.

In her opinion the special master rejected petitioner's request that Elizabeth be placed in a special private school, finding that § 15(g) of the Vaccine Act precluded such a request. Although not requested by petitioner, the special master did provide four (4) hours per day of attendant care in lieu of private schooling. The special master also found that petitioner, who suffers from multiple sclerosis (MS), required assistance in caring for her daughter. Attendant care was awarded so that Elizabeth's needs would be met.

In its Motion for Review petitioner argues that the denial of private education for Elizabeth was arbitrary and capricious and an error of law. Respondent, in its Memorandum Response to Petitioner's Motion for Review (Response), filed December 2, 1991, states that petitioner's Motion for Review is based on an improper construction of the language of the Vaccine Act and an erroneous interpretation of the special master's decision. Respondent further contends that petitioner's argument is not supported by the record.

### DISCUSSION

#### I. *Standard of Review.*

Section 300aa–12(e)(2) of the Vaccine Act provides in relevant part:

(2) Upon the filing of a motion under paragraph (1) with respect to a petition, the United States Claims Court shall have jurisdiction to undertake a review of the record of the proceedings and may thereafter—

(A) uphold the findings of fact and conclusions of law of the special master and sustain the special master's decision,

(B) set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law and issue its own findings of facts and conclusions of law, or

(C) remand the petition to the special master for further action in accordance with the court's direction.

The court may set aside findings of fact and conclusions of law which are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Hines on behalf of Sevier v. Secretary HHS,* 940 F.2d 1518 (Fed.Cir.1991). The court may only overturn the findings and conclusions reached by a special master where the record reveals that no rational basis exists for the decision. *Hyundai Elecs. Indus. Co. v. United States Int'l Trade Com.,* 899 F.2d 1204, 1209 (Fed.Cir. 1990).

Under the Vaccine Act, "[r]eview of a special master's decision by the Claims Court is expected to be an exceptional occurrence rather than a routine procedure." *Hale v. Secretary of HHS,* 22 Cl.Ct. 403, 405 (1991). A special master must be given considerable deference in decisions on claims for compensation.

#### II. *Private Education.*

The central issue before the court is whether the special master erred in finding that private education is not compensable. 42 U.S.C. § 300aa–15(g) provides in part:

"—Payment of compensation under the Program shall not be made for any item or service to the extent that payment has been made, or can reasonably be expected to be made, with respect to such item or service (1) under any State compensation program, under an insurance policy, or under any Federal or State health benefits program * * *."

In applying 42 U.S.C. § 300aa–15(g) to the petitioner's request for private education, the special master found that such request was "not in accord with the types of care permitted under the statute." *Mackler v. Secretary of HHS*, No. 90–425V, slip op. at 3, 1991 WL 211868 (Cl.Ct. Oct. 3, 1991). In a footnote, the special master elaborated on her statement. Footnote 2 states:

> Section 15(g) prohibits payment of compensation for any item or service to the extent that such service can reasonably be expected under any State of (sic) Federal program. The Court has interpreted this provision to preclude payment for private school education since public school education for the handicapped is mandated by law.

*Id.* at 3 n. 2, 1991 WL 211868. Petitioner contends that the special master erroneously interpreted the language of 42 U.S.C. § 300aa–15(g) in the footnote to her finding.

The court agrees with respondent that, when read in the context of her actions, the special master was simply stating the legal effect of 42 U.S.C. § 300aa–15(g) in this case. After reviewing the record, including petitioner's life care plan prepared by Richard Bruhn of Rehabilitation Resources, Inc., the special master addressed various therapies compensable under the Vaccine Act. Concerns voiced by Mr. Bruhn regarding budgetary cut backs threatening the therapy programs in Elizabeth's school district were duly noted by the special master. Recognizing that only "educationally" necessary therapies are mandated to schools by law, the special master agreed

that petitioner's request for additional therapy was appropriate.[3]

Petitioner asserts that the special master held that there was no "private" option available. Petitioner's allegation mischaracterizes the special master's decision. After evaluating Elizabeth's needs, given what the school district was likely to provide, the special master chose to award additional therapy rather than additional monies for a private education. Petitioner's specific request for private education was denied in the "Attendant Care" section of the opinion. Although not requested by petitioner, the special master awarded attendant care because of petitioner's difficulty in attending to Elizabeth. As noted above, petitioner suffers from multiple sclerosis. The special master apparently concluded that petitioner's condition was the actual explanation for her request for a private education. *See* Transcript, pp. 70–74. Rather than provide the funding for Elizabeth to attend a private school, the special master awarded four hours of daily attendant care per day through age 20. Petitioner simply made no factual showing that the school district would not reasonably provide for Elizabeth's educational needs related to her vaccine injuries. Accordingly, the special master's conclusion that 42 U.S.C. § 300aa–15(g) precluded an award which included a private education was reasonable and well within the parameters of the Vaccine Act.

Additionally, the court recognizes that the special master has awarded funding for private education when appropriate. *See, e.g., Morse v. Secretary of HHS*, No. 90–728V, slip op. at 9, 1991 WL 172198 (Cl.Ct. Aug. 19, 1991). While not dispositive, the *Morse* case suggests that the special master recognizes that 42 U.S.C. § 300aa–15(g) will not work to reduce an award where evidence is presented that services available through a particular public school system would be insufficient to provide for the educational needs of a child covered by the Vaccine act. *See, e.g., Stotts v. Secretary*

---

**3.** The court awarded one weekly session of physical therapy and one weekly session of oc-

cupational therapy annually through age 19.

*of HHS*, 23 Cl.Ct. 352, 371 (1991); *Thomas v. Secretary of HHS*, No. 90–2022V, slip op., 1991 WL 263730 (Cl.Ct. Nov. 22, 1991); *Contra Cullenberg v. Secretary of HHS*, No. 90–259V, slip op., 1991 WL 146264 (Cl.Ct. July 18, 1991). Accordingly, the court finds that the special master's decision that a private school was not appropriate in this case is both consistent with her prior decision in *Morse*, and supported by the evidence.

## CONCLUSION

For the reasons stated above, petitioner has not shown that the decision of the special master in denying compensation for a private school in this case was arbitrary, capricious, an abuse of discretion or otherwise, not in accordance with the law. Special Master French's Decision is affirmed, and Petitioner's Motion for Review is denied. The Clerk shall enter judgment in accordance with the special master's October 3, 1991 decision.